## Case No. 11,940.

### In re ROBINSON.

[43 How. Prac. 25.]

District Court, S. D. New York.    Jan. 9, 1872.

BANKRUPTCY — AUTHORITY OF REGISTER — TAKING OF TESTIMONY.

[It seems that a general order referring a case to the register is sufficient to authorize him to take testimony in respect to the compensation of the petitioning creditor, without the granting of an additional special order of reference for that purpose.]

[In the matter of Julius A. Robinson, a bankrupt. On certificate of the register.]

By I. T. WILLIAMS, Register:

I, the undersigned register in charge of the above entitled matter, do hereby certify, that the petition of Charles H. Woodbury, hereto annexed, was duly filed on the 22nd day of December, at my chambers, in support of the prayer of the petition. That on the said 22nd day of December, the said petitioner and the said assignee, by Mr. C. W. Bangs, his attorney, appeared before me pursuant to said notice, and thereupon the said Bangs objected to the proceedings before the register, on the ground, that no special order of reference to the register had been made upon said petition. That I overruled said objection, holding that as the case had been referred to the register generally, it was not necessary to obtain a further order referring it to him to take testimony, &c. But that I would proceed to take such testimony as should be offered on both sides, and then if desired by either party, would certify the whole matter to the judge for decision. To which ruling the said Bangs excepted, and desired the point to be certified to the court for decision. That thereupon the matter was, by agreement of the parties, adjourned to the 26th day of December, when the said petitioner and the assignee in person appeared before me, and proceeded to take the testimony which is hereto annexed. That at the close of the testimony, the assignee stated, that as he thought the charge of $300 reasonable, he did not wish to call witnesses or oppose the application, but still desired the question of practice to be certified to the court. And I further certify, that I think, as well from the said testimony as from my knowledge and recollection of the services rendered, that the sum of $300 would not be above the ordinary rate of charges in this city for similar services, and I therefore recommended the entry of an order that the assignee be directed to pay over to said petitioner, in satisfaction for said services, the sum of $300 from the funds of said estate in or to

[2] [From 36 How. Prac. 176.]

come into his hands, besides the sum of $196 45/100, which appears to have been disbursed by the said petitioner in said proceedings, amounting in all to the sum of $496 45/100.

And touching the question of practice raised by the said attorney for the assignee, I further certify that I have adopted this practice in several cases before me with the approbation of this court, and that a similar practice prevails, as I am informed, with registers generally. It would seem unnecessary to put a party to the expense of going into court to get an order that a register take testimony to sustain his petition, when the duty of taking such testimony is one within the general scope of the duties imposed upon the register in charge by the act and general orders. The order referring the case to the register, requires him "to take such proceedings therein as are required by the act." The act requires him "to sit at chambers,"—implying that he is charged, in the case assigned to him, with the ordinary chamber duties of the court. This is the construction given to the act by the report of the committee on "revision of the laws" adopted by congress, February 23, 1871. In that report, congress clearly construe the act as conferring upon the register the power to do every act in a case assigned to him which the court could do, except passing upon an "issue framed" for the opinion of the court, committing for contempt, and allowing or suspending an order of discharge. That such judicial power should be withheld from the register, is obviously necessary, in the interest of uniformity of decision which is, no doubt, sufficiently endangered by the inevitable division of the country into forty-eight judicial districts, in each of which there is a judge of a co-ordinate power and jurisdiction. If the register may not take such testimony without the special order of the judge, it would be difficult to say what acts he might do without such order. The convenience of this practice has suggested and commended it to me. Under it, the attention of the judge, is but once called to the matter, when he has before him the petition, the testimony which both parties desire to submit, with the opinion of the register upon the same, and, if counsel desire to be heard, the case can be set down for hearing upon the papers before the court. The convenience and economy of this practice is therefore so obvious, that I hope the court will permit it to be continued, notwithstanding the objection made to it by the attorney for the assignee. Respectfully submitted.

BY THE COURT. Upon the foregoing certificate, the judge made the following order: Upon reading and filing the petition of Charles H. Woodbury, the testimony taken thereunder, and the certificate of the register herein, and upon hearing Mr. Woodbury

in his own behalf, and Mr. C. W. Bangs for the assignee: Ordered, that John Sedgwick, the assignee of the bankrupt above named, pay to Charles H. Woodbury, above named, forthwith, from the funds of the estate of the bankrupt above named, now in his hands, the sum of three hundred dollars for his services rendered the said estate, and the sum of one hundred and ninety-six $^{45}/_{100}$ dollars paid out by him therefor, and the sum of thirty $^{20}/_{100}$ dollars paid out by him for register's and clerk's fees on their petition; in all, the sum of five hundred and twenty-six $^{75}/_{100}$ dollars.